Case number 19-2377 Anthony Daunt et al v. Jocelyn Benson et al and case number 19-2420 Michigan Republican Party v. Jocelyn Benson Or arguments to be as followed 15 minutes to be shared by plaintiffs 15 minutes to be shared by defendants Mr. John J. Bursch for the appellants Good morning your honor, John Bursch on behalf of the Daunt plaintiffs I have 5 minutes followed by Mr. Gordon for 5 and I have reserved 5 minutes for rebuttal May it please the court The rules for the Michigan Redistricting Commission exclude categories of individuals Based on their exercise of constitutionally protected speech and association In violation of the first and fourteenth amendments Because these unconstitutional conditions are not endeavorable This court should enjoin the commission's operation The starting point is the U.S. Supreme Court's rule That the government cannot deny a benefit to a person On a basis that infringes her constitutionally protected interest If that is exactly what the commission does here It punishes applicants based not on their qualifications But on their activities, employment, and even familial relationships And it does so in arbitrary ways If you are a republican or democratic nominee for the Michigan Supreme Court Or the democratic mayor of Detroit You're eligible And if your daughter is a secretary for a registered lobbyist Or your spouse has opposing political views that hold the state party position Then you're out That does not satisfy any level of scrutiny I want to start with the applicable task The one task we know that can't be applied here Is the Anderson-Burdick test Because under Anderson-Burdick It only applies where the plaintiff is alleging That a law has burdened voting rights Through the disparate treatment of voters That's the lesson of this court's decision Excuse me Listen Judge Moore Is there a case that says it only applies Where the owner is actually in the case language? I think the closest we get to that Is probably in the May decision That we submitted in a 28-J letter I think you get close to that In Judge Cole's opinion And Montiel in the 2014 unpublished opinion of this court And you get pretty close to that In both of the Houston cases In 2012 and 2016 What all those cases make clear Your honor Is that election-related is not enough You've got to show that there's burdens on Or discrimination in voting rights Because in Anderson and Burdick themselves They describe burdens on Or discrimination in voting rights As the trigger for their class In Anderson that's 460 U.S. At pages 787-89 And in Burdick it's 504 U.S. At 423-24 And that's why Anderson-Burdick Has never been applied To redistricting plans or commissions In any litigation of which we're aware The deferential approach In the Citizens for Legislative Choice v. Miller Isn't any better That also implicated voting rights The rights of voters to vote for specific candidates Or classes with candidates In fact this court said in the opinion That it was the state's power to prescribe qualifications For its office holders Like mandatory retirement provisions For elderly judges In the Gregory v. Ashcroft case That could possibly trigger that But here we've got Eligibility criteria For non-elected commissioner applicants Not elected office holders We're not talking about something like age or tenure We're talking about First Amendment protected activity And we're talking about proxy criteria So the state isn't imposing For example a 75 year age limit Like something that The Gregory v. Ashcroft case would have addressed But instead if it excluded those who played bingo Or had hip surgery Or whose spouse was an AARP member In each one of the instances The eligibility criteria Are both over-inclusive and under-inclusive Which is a point I'll return to shortly So if it's not Anderson Burdick And it's not Miller Deferential Then what is the test? Well I think you've got a couple of choices And they're all roughly the same You could apply strict scrutiny Based on the cases that we cite On pages 11 to 12 of our reply brief And that the Michigan Republican Party cites At page 4 of its principal brief I think you could impose exacting scrutiny This is higher than the ordinary Pickering scrutiny Because the government is imposing A blanket ban on protected activity And so then the burden is heightened That's the lesson of Janus As well as National Treasury Employees Union I think you could follow The Rutan Federal Government Interest Test Which includes a narrow tailoring component That's on page 30 of our principal brief It involves political considerations And hiring, rehiring, transferring And promoting public employees Or even under Anderson Burdick Where you've got a severe burden And it triggers strict scrutiny Even in that framework So under any of those tests You'd have to have Counsel, this is Judge Radler Can I ask you about two other lines of cases That have been cited One of the lines of cases involving Conflicts of interest Probably the Corrigan case Justice Scalia's opinion there Is perhaps informative And then the other line of cases Are the cases that put some limits On who can hold elected office There are the term limit cases And the Clements case I think is Justice Rehnquist's opinion That upheld state limits On who could serve in the legislature Why do those cases not guide our review? Yes, Judge Radler With respect to Corrigan And the Conflicts of Interest Judge Radler With respect to Conflicts of Interest That's really not an interest That's being advanced here It's being undermined By not disqualifying folks Who would have actual conflicts As in the Corrigan case It specifically involves folks Who would have a specific Direct conflict of interest Just like a judge being recused Or a lawyer having to Step off of a case Because they have a direct conflict And if you were really interested In getting rid of those kinds of conflicts Then you could simply exclude those folks Who have a specific interest In the way that the lines are being drawn That might benefit them But by excluding non-partisan officials Like the Detroit Mayor Or partisan nominated judges By excluding volunteer campaign workers By excluding unregistered lobbyists You know, all of those things Undermine that purported interest And you've got an over-suspecting Those cases I'm sorry, this is difficult I apologize So in those cases I think the opinion talks about The difference between Civil public right Which envisioned The vote of a legislator As sort of a public right As opposed to an individual citizen's right Doesn't service on the commission Seem a lot more like The vote of a legislator In terms of creating state public policy As opposed to an individual's right To vote for a candidate of their choice? I admit that there's a loose analogy there  You've demonstrated again Why Anderson's verdict doesn't apply We wouldn't apply Anderson's verdict To qualifications for legislators Only things that burden voting rights Through disparate treatment of voters But the reason this isn't analogous to Kerrigan Is because there are no Proven, direct or indirect Conflicts between those who are excluded And it's not including Exclusions for those folks Who would have a direct conflict I touched on that latter category The non-partisan elected officials Who are actually nominated By a partisan party Or the volunteers for the campaigns Let's talk about the over-inclusive for a minute Excuse me, this is Judge Moore I think you've gone way over your five minutes If you want to use your rebuttal time You're welcome to do that But by my clock You've gone about eight minutes Okay, Judge Moore If I could just answer this last question here And then I'll stop You have been answering it for quite a while I will give you a couple of sentences If you wish to conclude Or you can use your rebuttal time Whichever you prefer Yeah, I prefer not to use rebuttal time Just a couple of sentences On the over-inclusive side, Judge Radler When you've got the employees of lobbyists Who may not have any partisan affiliation You know, registered lobbyists Who work for both parties Paid campaign workers Who could be taking the job Because of the money Or family members You know, husbands and wives A la James Carville and Mary Madeline You know, in all of those instances There is no conflict And yet the statute Or the constitutional provision Treats the situation as if it were work Thank you Thank you Mr. Gordon Thank you, Your Honor This is Gary Gordon I represent the member case plaintiffs They include, in addition to individuals The Michigan Republican Party I would like to echo Mr. Berkshire's position Regarding the district court's application Of Anderson's verdict Rather than a more exacting scrutiny His arguments regarding the individual plaintiffs Are also mostly parallel To the arguments that we would present So I will limit my comments To the unique arguments By the Michigan Republican Party The goal of the amendment By the Secretary of State Seems to be to Squeeze any conflict of interest Or political interest From the process But the amendment Deprives both the individuals And the party Of the ability to engage In protected speech And freedom of association Assuming the state has an interest In this It requires a more Narrowly tailored result The amendment doesn't do so The ever-reaching Retroactive prohibition On anyone who engages In partisan activity For a reachback of six years And their relatives Whether or not the relatives Engaged in any political activity Is a denial of the First Amendment rights Specifically for the Republican Party This amendment removes Its involvement In selecting its standard bearers In what is undeniably A political process The attestation Is that it is not A political process By the Secretary of State But that ignores The actual language Of the amendment Which sets forth Various criteria That the commissioners Shall abide by When drawing the new districts Many of them are Subjecting the undefined And open means of decision They include That the districts Must reflect the state's Diverse population And community of interest Where community of interest May include But shall not be limited To populations that share Cultural or historical characteristics Or economic interests None of that's defined There's no question That Democrats Or Republicans Or the individuals Who don't affiliate With either major party Will likely possess Vastly different opinions Not only as to what constitutes A community of interest Or cultural characteristic Or economic interest Which may not be considered When deciding to draw the I'm sorry When deciding to draw The political boundaries Related to the amendment itself Judge Moore Your concern then Is with respect to How the districts themselves Will be drawn by this commission Is that right? In part But my concern is that The Partisan And the people who are identified As partisans Through their own self-identification And who will exercise Authority on behalf Of Republicans Are selected for the commission Without any role whatsoever By the Republican Party So Their self-designation Of affiliates May or may not be accurate It may be that they were Republican affiliates The day they applied But not the day before And there's no way to determine And we Or the Republican Party Is absolutely denied With any role In selecting These individuals In fact The Democratic Party Has a role Whereby They may strike Persons that are In the pool Even though They happen to be Republicans You can do the same This is Ron Gilman You have the same right That they do, don't you? Nothing direct Yeah But we don't have The right, obviously To select The Democratic Members For the commission And You know They can raise that issue If they so desire  The Act itself Requires them to Maintain their Partisan Affiliation All the way through The end of the process And that There's clearly Partisan considerations To be decided In Drawing These districts So When it comes And You know This is not A matter of Precision Or computerized Drawing It's a point Where people have To exercise Their judgment In interpreting These new standards Standards that don't Have any guidance Whatsoever And presumably People who Who are on this Commission Who are identified As Democrats Or Republicans Will Hand tip A district In favor of One party Or another By their own Interpretation Of these Non-defined Standards So You know And So this is Clearly a political Process It's clearly Impacts The party And the party And these people Are clearly Standard bearers For the party And Mr. Gardner Mr. Gardner Yes sir Mr. Gardner This is Judge Rayler Can I ask you About that? Why is it That they are Standard bearers? In other words I would understand If they were A candidate For office And the party Traditionally Nominates its own Candidates And the Supreme Court Spoke into that But I hear that The language Just says you Have to register As a Republican And I take it When you register As a Republican Or a Democrat You're not Registering as a Member of that Party When that party Has some Formal aspects To it But Is this Kind of a Broader Concern Which Which Which side Of the spectrum You want to register But not Officially Registering as a Member of the Party In the same Way as a Candidate For office From the party Would be? That In and of Itself Is a problem Judge Rayler We don't have Party registration In Michigan And so There's no Track record Of these people And because Of the Prohibitions On the First Amendment Rights of Association That are contained In the Qualifying Criterion We don't know What their Background is It's a Self-designated Issue Anybody Can State that I self-designate Myself As a Republican And I have Not engaged In any of The protected Activities For the Last six Years Nor have any Of my Relatives Done so And therefore I'm qualified To be on The commission And to Exercise Judgment In drawing These districts Where there's No specific Criterion Applied Clearly That opens The door For partisan Interpretation Of these Criteria And someone Who engages In that Process And determines What district An Individual Is created In Applying Procedures Is Carrying The flag For their Respective Party And it Indicates That they Have to be Affiliated With the Party Affiliating Is not Well-defined So you Don't Specifically Want To    That You Don't Want To Get To Do That You Don't Want To Do That And then They Are Not Affiliated With The Party Of Office .   I  Find It  To My Friend Who Is Not Affiliated With The Party Of Office . Why Are There So     Not Affiliated With The Party Of Office . I Am Sorry . Other Than Term Limits . The Qualifications For Elective Office Is Not Affiliated With The        . I Am Sorry . I Am Sorry . I Am Sorry . I Am Sorry . I Am Sorry . I Hope I Am Sorry . I Hope  Am Sorry I I     Sorry I Am Sorry I Am Sorry I Am Sorry I  Sorry I Am